# In the Matter of THOMAS R. HALVORSON, Attorney at Law.

No. 89-128.
Sept. 11, 1990.
246 Mont. 191.
806 P.2d 1.

## PROCEEDINGS IN PUBLIC CENSURE

CHIEF JUSTICE TURNAGE:

This is the time and date set for the public censure by the Supreme Court of the State of Montana of Thomas R. Halvorson, a member of the State Bar of Montana. If the counsel for Mr. Halvorson is present, would he identify himself for the record?

Mr. Halvorson, would you stand up and identify yourself for the purpose of the record here?

Are you one and the same person as the Thomas R. Halvorson who is the subject of disciplinary action in this Court under our Cause No. 89-128?

Mr. Halvorson, if you will come to the well of the Court in front of the rostrum, and face the Court, the delivering Justice will now proceed with your public censure.

DELIVERING JUSTICE: Mr. Halvorson, this public censure is being delivered today in accordance with the Order of June 12, 1990, issued out of this Court and served upon you. These proceedings are founded on a complaint charging you with violations of the Rules of Professional Conduct which apply and have applied to attorneys licensed to practice in the State of Montana.

The allegations against you in this matter, Mr. Halvorson, are the most unusual of the various proceedings of attorney discipline this Court has ever witnessed. The Commission noted that your behavior was far more insidious than the common complaints they usually hear. This opinion of the Commission resulted from three days of testimony and its Findings and Conclusions relating to this case were signed by all of the members who witnessed the three days of hearings. The Commission's Findings and Conclusions regarding you, Mr. Halvorson, portray a picture of a man who has been systematically attempting to undermine the system of justice by attacking all of the participants in that system.

Due to the complexity of the multiple charges against you, the Commission made a general summary in its report to this Court which we feel covers the charges against you. While we are aware that you have received copies of the Findings of Fact and Conclusions of Law and the Recommendation of the Commission, we will include in this censure today a summary of those charges as appeared on page 16 of the Commission's Findings, Conclusions and Recommendations.

The Commission noted:

"Of the charges set out in the formal complaint, the Commission has found the following violations of the Rules of Professional Conduct proven by clear and convincing evidence:

"1. Under Count Three, paragraph 5, two instances of making extrajudicial statements which had a substantial likelihood of materially prejudicing an adjudicative proceeding, in violation of Rule 3.6.

"2. Under Count Three, paragraph 6, two instances of conduct prejudicial to the administration of justice, in violation of Rule 8.4(d).

"3. Under Count Three, paragraph 7, one instance of conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of Rule 8.4(c).

"4. Under Count Three, paragraph 8, three instances of conduct prejudicial to the administration of justice, in violation of Rule 8.4(d).

"5. Under Count Six, one instance of conduct that reflects adversely on a lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects, and conduct that is prejudicial to the administration of justice, in violation of Rule 8.4(b) and (d)."

Following the three-day hearing the Commission recommended that you be disciplined. We adopt its recommendations, noting that in the period of many years in which this Court has been called upon to hear charges against various attorneys in the State of Montana, never have we read a transcript that disturbed members of the Court more than the transcript submitted in your case. I think one member of the Commission, Mr. Arnold Huppert from Livingston, after hearing all of this testimony said it best when he noted on page 614 of the transcript:

"I think I'm perhaps spoiled because in Livingston most of the attorneys get along, but after three days of listening to this, I find myself just wondering how you and the other lawyers could even — it must be the most unpleasant experience in the world knowing that some of the lawyers out there are, their days are consumed with unpleasant things they can do to you, and if you believe them, that's the way you spend your time, too."

Clearly, your conduct constitutes grounds for discipline. As a member of the Bar of this State, you have a responsibility to the people of the State and to the courts to respect and conduct your practice in accordance with the Rules of Professional Conduct. In these instances you have failed to discharge this responsibility. We trust that this public censure will eliminate the possibility of such conduct in the future.

Thomas R. Halvorson, we herewith impose upon you the censure of this Court. The Supreme Court of the State of Montana unanimously concludes and orders as follows:

1. You are hereby suspended from the practice of law as an attorney and counselor in the State of Montana, including all tribunals and other bodies of this State, commencing today, September 11, 1990, and continuing through December 10, 1990.

2. You were given notice by the June 12, 1990, order of this Court to prepare your practice and your clients for your suspension from practice, pursuant to Rule 21, Supreme Court of the State of Montana Rules for Lawyer Disciplinary Enforcement.

3. You are ordered to pay $10,000 of the costs of your proceedings before the Commission on Practice. You may elect to pay either in full or in five equal annual installments. You will be furnished with a copy of the Commission's statement of these Costs.

4. When you have completed the period of suspension from practice on December 10, 1990, you shall file with this Court proof of payment of at least $2,000 of the costs of the proceedings against you. You shall also file both with this Court and with the Secretary of the Commission on Practice an affidavit stating that you have fully complied with all of the requirements of the suspension order. This Court will then issue its Order authorizing you to again practice as an attorney and counselor in the State of Montana.

5. Pursuant to Rule 14, Supreme Court of the State of Montana Rules for Lawyer Disciplinary Enforcement, copies of this Proceeding in Public Censure and Order shall be delivered to you, Mr. Halvorson; to your counsel; to William J. O'Conner, II, as special prosecutor; to the Chairman of the Commission on Practice, Rockwood Brown; to George Bousliman, Executive Director of the State Bar of Montana; and to the Clerks of the District Courts of the State of Montana; to the Clerk of the Federal District Court for the District of Montana; and to the Clerk of the Circuit Court of Appeals of the Ninth Circuit.

Mr. Chief Justice, that completes the public censure as ordered by the Court.

CHIEF JUSTICE: Very well. The Clerk of this Court is hereby directed to place a copy of this public censure in the record of this proceeding in this Court.

DATED this 11th day of September, 1990.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ Diane G. Barz, Justice
s/ John C. Sheehy, Justice
s/ William E. Hunt, Sr., Justice
s/ Fred J. Weber, Justice